<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELODGE HOTELS, INC., a Delaware Corporation, : : : | Civ. No. 02-2889(DRD) |
| Plaintiff, : : | |
| v. : : | **O P I N I O N** |
| HONEYSUCKLE ENTERPRISES, INC., a Missouri Corporation; and RYAN RICHARDSON, an individual, : : : : | |
| Defendants. : _____ : | |

David S. Sager, Esq.
Amy L. Smith, Esq.
PITNEY HARDIN, LLP
P.O. Box 1945
Morristown, New Jersey 07962-1945
    Attorneys for Plaintiff
    Travelodge Hotels, Inc.

John T. Doyle, Esq.
THE GOLDSTEIN LAW GROUP, P.C.
12 Glenside Drive
Annandale, New Jersey 08801

Jeffrey M. Goldstein, Esq.
THE GOLDSTEIN LAW GROUP, P.C.
818 18th Street, N.W.
Washington, DC 20006
    Attorneys for Defendants
    Honeysuckle Enterprises, Inc.
    Ryan Richardson

**Debevoise, Senior District Court Judge**

    On November 7, 2005 the court entered a final judgment in this action, awarding plaintiff

$208,897.70 and granting plaintiff attorneys' fees and costs in an amount to be determined upon submission of plaintiff's application. Plaintiff now applies for attorneys' fees and costs in the amount of $286,493.09 for services rendered from June 2002 through October 2005. Defendants have filed objections.

The application is supported by the affidavit of David S. Sager, Esq., a partner with plaintiff's law firm, Pitney Hardin LLP. He was admitted to the New Jersey bar in 1992 and became a partner in his firm in January 2000. His billing rate ranged from $275 to $375 per hour during the period of time in which the case was pending. His billing rate was $375 for all legal work relating to the trial, a significant portion of the work for which fees are requested.

Other attorneys performed legal services in connection with this case, including: i) Dennis R. LaFiura, Esq., a partner since 1985 specializing in litigation, whose billing rate ranged from $385 to $450 per hour for the work covered by the fee application; ii) Amy L. Smith, Esq., an associate who has been practicing law since 1999, whose billing rate for work covered by the fee application was $250 per hour; iii) Alashia Chan, Esq., an associate of the firm during the period covered by the fee application whose rate for most of the work during the relevant period was $275 per hour; and iv) other attorneys who worked on this case whose billing rates ranged from $190 to $310 per hour for most of the work covered by the application.

Plaintiff's attorneys and plaintiffs agreed at the outset of the case that: i) plaintiff would pay a flat fee in the amount of $4000 for certain preliminary services, e.g., preparation, filing and service of the complaint and preparation of initial disclosure and discovery requests and ii) legal services not subject to the flat fee were calculated on the basis of the individual attorneys' hourly rates and billed to plaintiff at a discount of 20%. This resulted in total hours worked at a blended

hourly rate of $217.

The law firm billed its clients on a monthly basis in accordance with this agreement. The general nature of the services performed each month is described in Ms. Sager's affidavit, and copies of the invoices submitted to plaintiff are attached. Plaintiff paid the invoices as submitted.

Defendants have advanced several objections to the application. They assert that counsel "top-loaded" the litigation, having partners perform work that associates should perform. In support of this contention defense counsel states that "[i]t is standard practice in a large corporate law firm like that of Plaintiff's counsel for partner attorneys to account for approximately twenty-five percent of all time billed in a large or medium-sized litigation like the one at bar" (Defendants' brief at 2, 3), and "associates in general bill approximately seventy-five percent of time on such cases." (Goldstein affidavit, par. 7). Because more than 35% of time billed was billed by partners, defendants argue, the requested fees are unreasonable.

Defendants note that on attorney-client privilege grounds many of the bills contain redactions, thus preventing them from determining what services were actually performed. Defendants speculate that because plaintiff's counsel handles so many cases for plaintiff, "it is likely that the conferences and phone calls encompass far more than the issues relating to this case in particular." (Defendants' brief at 4)

Finally, Defendants state that plaintiff has presented only evidence of billing, and not evidence of payment.

None of these objections overcome plaintiff's persuasive showing that its request is reasonable. No objection has been made to the application for engagement costs. No objection has been made to the billing rates of each attorney. They are well within the rates of attorneys of

3

comparable experience in the New York-Northern New Jersey metropolitan area.

There is nothing in the submissions to suggest that the case was improperly staffed. Mr. Goldstein's rule of thumb is unpersuasive and lacks any foundation other than his mere say-so. The 20% discount demonstrates that plaintiff is concerned about the amount of legal fees it pays. It had no assurance during the course of this case that it was going to win, and surely its in-house counsel would guard against wasteful practices of trial counsel.

The redactions about which defendants complain were relatively few in number, and the descriptive material accompanying each billing provides full information about the nature of the services. In a litigated case such as this much of the attorneys' work is either performed in court or produced in court in the form of briefs, affidavits and exhibits. Based on the court's familiarity with the case the total amount of the fees requested gives every indication of being reasonable.

Defendants' final objection has been resolved. There is no reason to doubt plaintiff's counsel's representation that plaintiff has paid the invoices for legal fees submitted to it.

For these reasons plaintiff's application for attorneys' fees and engagement costs in the amounts requested will be granted. The court will file an appropriate order.


Dated: January 17th, 2006                /s/ Dickinson R. Debevoise
                                                                         DICKINSON R. DEBEVOISE
                                                                                 U.S.S.D.J.